Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6008
  Fax:  (916) 324-5205
  E-mail:  Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendant
J. Burnes*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH BURNS, et al.,**<br><br>Defendants. | Case No. 1:21-cv-01349-NONE-BAM<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:           January 14, 2022<br>Time:          9:00 a.m.<br>Courtroom: 8<br>Judge:         Honorable Barbara A. McAuliffe<br>Action Filed: September 8, 2021 |

### INTRODUCTION

Defendant Burnes moves to dismiss because Plaintiff's complaint fails to state a claim for relief.  Plaintiff alleges that she was damaged when photographs of her deceased son were published.  But the complaint's vague allegations state only that Burnes, or another officer, took and shared photographs of Plaintiff's deceased son, and that those photographs were eventually published on the internet.  The complaint does not state what Burnes personally did, whether taking the photos was authorized, with whom Defendants supposedly shared the photos, or whether that sharing was authorized.  Moreover, the complaint pleads no facts connecting Burnes or any Defendant to the publication.

1

Plaintiff argues in opposition that it is enough to allege that Burnes took and shared the photographs. Plaintiff is wrong, and the complaint should be dismissed. First, the complaint does not allege that Burnes took and shared the photographs. Instead it alleges that Burnes was part of a group of California Department of Corrections and Rehabilitation (CDCR) employees who collectively took and shared the photographs. The complaint does not specify Burnes's role in the group.

Second, even if Plaintiff had alleged that Burnes took and shared the photographs, that is not enough to state a claim. Plaintiff fails to allege facts showing that the alleged taking or sharing was unauthorized, and fails to plead facts connecting Burnes's conduct to the publication. Burnes's motion to dismiss should be granted.

## I.  PLAINTIFF FAILS TO STATE A CLAIM FOR A FOURTEENTH AMENDMENT VIOLATION.

Burnes's opening brief pointed out that the complaint fails to state a claim for a Fourteenth Amendment violation because (1) there is no allegation that Burnes personally took or shared photographs, instead those allegations are made toward a group of employees collectively; (2) the facts alleged do not show that the alleged taking and sharing of photographs was unauthorized; and (3) there is no allegation that Burnes, or any CDCR employee, did anything to cause the publication of the photographs and therefore there is no allegation of any conduct that would, if true, "shock the conscience" as required for a Fourteenth Amendment violation. (Def.'s Mem. of P. & A. at 4-7, ECF No. 11-1.)

As to (1), Plaintiff argues that the complaint does allege that Burnes personally took and shared photographs. (Pl.'s Opp'n at 5-6, ECF No. 13.) Tellingly though, Plaintiff does not quote or cite where that allegation is supposedly made in the complaint. The allegations are as follows:

> [D]efendants Burns and Does 1 through 15, took photographs of Mr. Romero's remains while in uniform, on duty, and in an area where public access was prohibited and only first responders employed by the CDCR were allowed within the Corcoran Prison. After the photos were taken, Defendant Burns and Does 1 through 15 possessed and shared them, and/or permitted other CDCR employees under their supervision to possess and share these photographs, which in turn allowed these photographs to be leaked publicly.

///

(Compl. ¶ 17.)  That vague allegation does not state who took the photographs, who shared them, with whom the photographs were shared, or whether Burnes is accused as a supervisor or an employee.  The allegations fail to give Burnes adequate notice of the claim.  (*See* Def.'s Mem. of P. & A. at 5.)  The Ninth Circuit has rejected such pleadings as implausible, and the Court should do the same here.  *See Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012).

Second, Plaintiff points to no facts showing that the alleged taking and sharing of photographs was unauthorized.  (*See* Pl.'s Opp'n at 3-6 (pointing only to the conclusory statement that the sharing was "without any legitimate government purpose"); *see also* Def.'s Mem. of P. & A. at 6.)  As stated in Defendant's opening brief, the complaint's conclusory statement that Defendants acted "without any legitimate government purpose" should not be credited because it is a naked assertion devoid of factual support.  (Def.'s Mem. of P. & A. at 6.)  Indeed, the facts that are pled in the complaint — that Defendants were at work, on duty, and that the copyright holder for the photographs is CDCR — point to an obvious legitimate government purpose.  (*See id.*)  According to Plaintiff, alleging that Burnes took and shared photographs without a legitimate government purpose is enough to state a Fourteenth Amendment claim.  (Pl.'s Opp'n at 5-6.)  But the complaint does not allege facts supporting the naked assertion that Defendants did so without a legitimate government purpose (*See* Compl. ¶¶ 14-28), and therefore Plaintiff's assertion should not be credited.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The complaint fails to state a claim against Burnes.

Third, to state a claim for a Fourteenth Amendment violation, simply taking and sharing photographs without a legitimate government purpose is not enough.  In *Marsh,* the case Plaintiff cites in the complaint, a former district attorney (Coulter) improperly made and kept copies of autopsy photographs of a decedent after he retired.  *Marsh,* v. *County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).  But the Ninth Circuit found that conduct did not sufficiently shock the conscience to violate the Fourteenth Amendment.  *Id.* at 1155 n.3.  Instead "[o]nly Coulter's [later] attempt to publish the autopsy photograph is sufficiently shocking to violate Marsh's substantive due process right."  *Id.*  The remaining conduct, including improperly copying and possessing the photographs after retirement, did not violate substantive due process.  *Id.*  The

3

complaint makes no allegation that Defendants published, attempted to publish, or caused the publication of the photographs. (Def.'s Mem. of P. & A. at 5-6.) Instead the allegation is only that Defendants, took and shared the photographs, with no facts pled as to whether that conduct was authorized. (Compl. ¶¶ 17-18.) Accordingly Plaintiff fails to allege that Defendants violated her constitutional rights, and fails to allege any conduct that shocks the conscience. (*See id.*)

As to (3), Plaintiff argues that *Marsh* did not involve an actual publication of photographs, and asserts that the Ninth Circuit must therefore have found that "mishandling" of photographs is unconstitutional. (Pl.'s Opp'n at 3.) That argument ignores the Ninth Circuit's clear statement that "[o]nly Coulter's attempt to publish the autopsy photograph is sufficiently shocking to violate Marsh's substantive due process right." *Id.* at 1155 n.3. Coulter's previous mishandling, by copying and keeping a photograph for no legitimate government purpose, was not sufficiently shocking. The complaint does not allege that Burnes, or any Defendant, published the photographs, attempted to publish the photographs, shared the photographs with a reporter or did anything to cause the photographs' publication. Accordingly, the complaint fails to plead facts that shock the conscience, and fails to state a claim for a Fourteenth Amendment violation.

## II. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FEDERAL CAUSE OF ACTION.

Defendant's opening brief pointed out that Burnes is entitled to qualified immunity because it was not clearly established in March 2019 that a prison officials' taking and sharing photographs of a deceased person's remains was a violation of substantive due process rights. (Def.'s Mem. of P. & A. at 7-8.) In opposition, Plaintiff first asserts an outdated standard, citing *Chew v. Gates,* 27 F.3d 1432 (9th Cir. 1994) to argue that "specific precedent is not required to overcome a qualified immunity defense." (Pl.'s Opp'n at 6.) Recent Supreme Court cases, however, make clear that is inaccurate:

> As this Court explained decades ago, the clearly established law must be "particularized" to the facts of the case. Otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."

///

*White v. Pauly*, 137 S. Ct. 548, 552 (2017) (citations omitted). To defeat qualified immunity, clearly established law must show that the specific conduct alleged was unconstitutional. *See id.*; *see also City of Escondido v. Emmons,* 139 S. Ct. 500, 503 (2019).

Plaintiff argues that there was, in March 2019, a clearly established right "to protect public invasion upon a family's private grief towards a loved one's physical remains." (Pl.'s Opp'n 7.) That abstract, general definition of the right fails to meaningfully define the right under Supreme Court precedent. *See Kisela v. Hughes,* 138 S. Ct. 1148, 1152 (2018) ("This Court has repeatedly told courts . . . not to define clearly established law at a high level of generality." (citations and internal quotation marks omitted).) "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018). An abstract right to prevent unwarranted public invasion on a family's private grief does not give an officer fair notice as to whether specific conduct would violate that right. *See id.* Plaintiff must show that it was clearly established that Burnes's alleged conduct would violate the Constitution. Plaintiff has not done so here.

An unfettered constitutional right to control photographs of deceased relatives was not clearly established in March 2019. In *Marsh,* the Ninth Circuit held that an official improperly copying and possessing photographs of a Decedent did not violate substantive due process rights. *Marsh,* 680 F.3d at 1155 n.3. Only when the official attempted to publish the photographs was the constitutional standard met. *Id.* Here, there is no allegation that Burnes published, attempted to publish, or was involved with publication of the photographs, and accordingly he is entitled to qualified immunity.

Plaintiff next argues that a Southern District case found that *Marsh* clearly established a right against "interference with a dead child's remains and memory." (Pl.'s Opp'n at 7 (citing *Walter v. Cty. of San Diego*, No. 3:19-cv-02465-W-BLM, 2020 U.S. Dist. LEXIS 223203, at *32-33 (S.D. Cal. Nov. 30, 2020). The reasoning in *Walter* does not apply here. *Walter* dealt with the specific, concrete right to determine the funeral arrangements and the disposal of the remains of a deceased child. *See id.* The Court there found a clearly established right for a mother of a

5

decedent minor to control those arrangements. *See id.* That holding has no bearing on the facts here, which have nothing to do with funeral arrangements or disposal of remains.

Finally, Plaintiff argues that California Code of Civil Procedure section 129 would have put Burnes on notice that he was violating the federal Constitution. (Pl.'s Opp'n at 7.) That section deals with photographs "taken by or for the coroner." Cal. Code. Civ. Proc. § 129. The complaint alleges the photographs were taken by one or more CDCR employees, and does not allege that they were taken by or for the coroner. (*See* Compl. ¶¶ 10, 17.) Section 129 did not establish any rights with respect to the photographs alleged here. Moreover, a state statute could not establish a federal constitutional right for purposes of analyzing qualified immunity. *See Davis v. Scherer,* 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some [state] statutory or administrative provision").

In addition, as stated in *Marsh,* a constitutional violation based on section 129 would be a procedural, not substantive, due process violation. *Marsh*, 680 F.3d at 1155-56. Here, Plaintiff asserts only a substantive due process claim in the complaint. (Compl. ¶ 25.) Plaintiff's argument that a procedural due process violation might have been clearly established is irrelevant to whether Defendant enjoys qualified immunity against Plaintiff's substantive due process claim. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.")

Plaintiff fails to show that it was clearly established in March 2019 that Burnes's alleged conduct would violate the Constitution. Burnes is entitled to qualified immunity.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF A MANDATORY DUTY.

Defendant's motion pointed out that the complaint fails to state a claim for breach of mandatory duty against Burnes because Burnes is not a public entity assigned liability under Government Code section 815.6, and because the two mandatory duties Plaintiff asserts

///

(California Code of Civil Procedure section 129 and California Penal Code section 647.9) do not apply to the facts alleged here. (Def.'s Mem. of P. & A. at 9-10.)

In opposition, Plaintiff drops the claim based on section 647.9, apparently conceding that the section was not in effect in March 2019 and cannot be applied retroactively. (*See* Pl.'s Opp'n at 10-12; Def.'s Mem. of P. & A. at 9.)

As to the claim based on section 129, Plaintiff first makes the straw-man argument that Defendant asserts that there cannot be a state-law cause of action based on section 129. (Pl.'s Opp'n at 11.) Not so. The California cause of action for breach of mandatory duty assigns liability to public *entities*, not public employees. (*See* Cal. Gov't Code § 815.6; CACI No. 423 (Public Entity Liability for Failure to Perform Mandatory Duty).) Burnes is not an entity and accordingly cannot be liable under that cause of action. Plaintiff apparently now wishes to assert a different cause of action related to section 129. (*See* Pl.'s Opp'n at 11.) But the court must evaluate the complaint Plaintiff filed, not the one she now wishes she had. *See Schneider*, 151 F.3d at 1197 n.1. The complaint asserts a claim for breach of mandatory duty against Burnes. (Compl. ¶¶ 29-32.) That cause of action does not apply, and accordingly it should be dismissed.

Moreover, even if Plaintiff had asserted a claim for violation of California Code of Civil Procedure section 129 against Burnes, the code section is irrelevant to the facts pled. Section 129 states the requirements for dissemination of photographs of a deceased person "taken by or for the coroner at the scene of death." Cal. Code Civ. Proc. § 129. Here, Plaintiff alleges the photographs were taken by one or more CDCR employees, and does not allege that they were taken by or for the coroner. (*See* Compl. ¶¶ 10, 17.) Accordingly, section 129 does not apply to the facts alleged here, and Plaintiff fails to state a claim for that additional reason.

Even if the photos were taken for the coroner, the facts pled do not show that Burnes violated section 129. The complaint pleads only that Burnes or one of fifteen other officers took and shared the photos, and does not allege facts showing that the photos were taken or shared improperly, or that Burnes's conduct caused Plaintiff's injuries. (*See* Def.'s Mem. of P. & A. at 4-7.) The facts pled do not show that, for example, the photographs were not being properly distributed for the purpose of a criminal proceeding related to Romero's death. (*See* Cal. Code

7

1  Civ. Proc. § 129(a)(1).)  Plaintiff's cause of action for breach of mandatory duty should be
2  dismissed.

3  **IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE.**

4      The complaint fails to plead facts showing that Burnes breached a duty to Plaintiff.  (Def.'s
5  Mem. of P. & A. at 10-11.)  Specifically, while the complaint asserts that Burnes or another
6  officer breached the duty of ordinary care by taking and sharing photographs with members of the
7  public, the complaint pleads no facts showing that taking the photographs was unauthorized, and
8  no facts as to which members of the public supposedly received the photos, and whether those
9  people had legitimate reasons to view them.  (*See id.*)  Moreover, there is no allegation
10 connecting that supposed sharing to the alleged publication.  (*See id.*)

11     Plaintiff asserts that the *Catsouras* case held that the "mere taking and sharing of
12 photographs is enough to establish liability."  (Pl.'s Opp'n at 9, citing *Catsouras v. Dep't of Cal.*
13 *Highway Patrol*, 181 Cal. App. 4th. 856, 884 (2010).)  The actual holding was narrower:  "We
14 simply hold that the CHP and its officers must refrain from exploiting gruesome death images by
15 disseminating them to friends and family members or others with no involvement in official CHP
16 activities."  *Catsouras*, 181 Cal. App. 4th at 884.  Here, there is no allegation that Burnes or any
17 Defendant distributed photographs to anyone other than legitimate recipients.  Indeed, the
18 supposed recipients of the "sharing" are not identified at all.  (Def.'s Mem. of P. & A. at 10-11.)
19 Plaintiff therefore fails to state a claim for negligence.

20 **V.     PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY.**

21     Defendant's moving papers pointed out that the complaint fails to state a claim for invasion
22 of privacy because no facts are alleged showing a key element of the cause of action, namely that
23 Burnes publicized or publicly disclosed the photographs.  (Def.'s Mem. of P. & A. at 11-12.)  In
24 opposition, Plaintiff argues that Burnes "facilitated the public disclosure of these death images
25 when he possessed and shared them, which in turn allowed these photographs to be leaked
26 publicly."  (Pl.'s Opp'n at 10 (citations and internal quotation marks omitted).)  But Plaintiff
27 points to no allegations in the complaint showing that Burnes publicly disclosed the photographs,
28 or even "facilitated" their public disclosure, and there are none.  (*See* Pl.'s Opp'n at 10-11;

Compl. ¶¶ 14-18.)  The Court cannot supply those facts to rewrite Plaintiff's complaint.  *See Schneider*, 151 F.3d at 1197 n.1.

The vague allegation that Burnes was part of a group of officers, at least one of whom shared photographs with unknown "members of the public," is insufficient to state a claim for invasion of privacy.  (*See* Def.'s Mem. of P. & A. at 11-12.)  The cause of action for invasion of privacy should be dismissed.

## VI.  BURNES IS NOT LIABLE FOR THE ACTIONS OF OTHERS.

Burnes is not liable for the actions of other officers, and Plaintiff does not contest that in his opposition.  (*See generally* Pl.'s Opp'n; *see also* Def.'s Mem. of P. & A. at 12-13.)  Here, all of Plaintiff's factual allegations ask the Court to find Burnes liable based on the actions of unidentified Doe Defendants, including Defendants that he supervised.  (*See* Compl. ¶ 17.) Plaintiff now concedes Burnes is not liable for the actions of those Doe Defendants.  (*See generally* Pl.'s Opp'n.) The state-law claims should therefore be dismissed for that reason as well.

## VII.  THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION.

Plaintiff also concedes that once the federal claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the state-law claims, and therefore dismiss the second, third, and fourth causes of action as well.  (*See generally* Pl.'s Opp'n (declining to address section VII of Defendant's Memorandum of Points and Authorities).)  The state law claims should therefore be dismissed once Plaintiff's federal claim is dismissed.

## CONCLUSION

The complaint pleads fails to plead facts showing that Defendant Burnes's conduct was unauthorized, fails to plead facts showing that Burnes's conduct caused Plaintiff's harm, fails to allege a violation of clearly established law, and fails to state a plausible claim for relief. Defendant's motion to dismiss should be granted.

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated: January 7, 2022 | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>JON S. ALLIN<br>Supervising Deputy Attorney General<br><br>***/s/ Jeremy Duggan***<br><br>JEREMY DUGGAN<br>Deputy Attorney General<br>*Attorneys for Defendant*<br>*J. Burnes* |

SA2021304683
35807685.docx

# CERTIFICATE OF SERVICE

Case Name:   **Dora Solares v. Burns, et al.**          No.   **1:21-cv-01349-NONE-BAM**

I hereby certify that on <u>January 7, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 7, 2022</u>, at Sacramento, California.

|  M. Garcia  |  /s/ M. Garcia  |
|:---:|:---:|
| Declarant | Signature |

SA2021304683
35807749.docx