ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6008
 Fax: (916) 324-5205
 E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendant
J. Burnes*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,** | 1:21-CV-01349-JLT-BAM |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| **JOSEPH BURNS, et al.,** | |
| Defendant. | |

## INTRODUCTION

Defendant Burnes moves to dismiss Plaintiff's first amended complaint (FAC) because the FAC fails to plead facts connecting Burnes's conduct with the claimed deprivation, namely the alleged publication of photos of her deceased son. In opposition, Plaintiff argues that the allegation that Burnes "took and shared" photos without a legitimate government purpose, despite no "actual or attempted publication" should be enough to state a claim for a substantive due process violation.

But privately showing photos of remains does not "shock the conscience" — only "unwarranted public exploitation" through attempting to publish the images to "the world at

1

large" has been held to cross that line. *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1155 n.3 (9th Cir. 2012).

Burnes is also entitled to qualified immunity from Plaintiff's federal claim because it was not clearly established that the alleged conduct would violate Plaintiff's substantive due process rights. In opposition, Plaintiff concedes that no substantive due process right was established, but argues that it was established that Burnes's conduct would violate Plaintiff's *procedural* due process rights. Burnes is therefore entitled to qualified immunity on the substantive due process claim. Plaintiff has not asserted a procedural due process claim, and even if she did so, that claim relies on a statute, California Civil Procedure Code section 129, that does not apply to these allegations.

Once the federal-law claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the state-law claims. In addition, the breach of mandatory duty claim fails because Plaintiff has not sued a public entity, and because the statutes that Plaintiff asserts created a mandatory duty for Burnes do not apply to the facts pled. The FAC as to Burnes should be dismissed in its entirety and without leave to amend.

## I. PLAINTIFF FAILS TO STATE A CLAIM FOR A FOURTEENTH AMENDMENT VIOLATION.

Plaintiff's substantive due process claim should be dismissed because there is no allegation that Burnes did anything to cause the publication of the photographs and therefore no allegation that Burnes caused Plaintiff's harm, and no allegation of any conduct that would, if true, "shock the conscience" as required for a Fourteenth Amendment substantive due process violation. (*See* Def.'s Mem. of P. & A. at 4-6, ECF No. 22-1.)

In opposition, Plaintiff argues that allegations of taking and sharing photos are sufficient to state a claim for a substantive due process violation. (Pl.'s Opp'n at 3-6, ECF No. 23.) Plaintiff cites *Marsh*, asserting that there the Court found that improperly copying, possessing, and distributing photographs "were all actionable allegations of a constitutional violation." (Pl.'s Opp'n at 5.)

Plaintiff's argument is inapposite — it relies on the *procedural* due process discussion in the *Marsh* opinion, rather than the substantive due process discussion. (*See* Pl.'s Opp'n at 5; *Marsh,* 680 F.3d at 1155-58.) As explained in *Marsh,* a procedural due process violation can occur without the "conscience-shocking" behavior required for a substantive due process violation. *Marsh*, 680 F.3d at 1155 ("A state official's failure to comply with state law that gives rise to a liberty or property interest may amount to a procedural (rather than substantive) due process violation, which can be vindicated under 42 U.S.C. § 1983.")

The FAC asserts only a substantive due process violation against Burnes. (FAC ¶ 25 ("By taking and sharing photos . . . Burnes . . . deprived Plaintiff of her substantive due process right to control" images of Decedent).) The FAC does not assert a procedural due process violation. (S*ee generally* FAC.)

The procedural due process theory in *Marsh* was based on defendant mishandling photos taken "by or for the coroner," (in that case autopsy photos) which is all that is barred by California Civil Procedure Code section 129. Here the FAC alleges that the photos were taken by CDCR employees either with their personal cell phones or for the CDCR Investigative Services Unit investigation. (FAC ¶¶ 17-18.) There is no allegation that any of the photos were taken by or for the coroner, and indeed there is no mention of the coroner at all. (*See generally* FAC.) Accordingly, the facts pled would not support a procedural due process claim, if one were asserted. *See Marsh*, 680 F.3d at 1155.

As to the substantive due process claim, *Marsh* made clear that the alleged conduct is not sufficiently conscience-shocking to state a claim. In *Marsh,* a former district attorney (Coulter) improperly made and kept copies of autopsy photographs of a decedent. *Marsh,* 680 F.3d at 1152. But the Ninth Circuit found that conduct did not sufficiently shock the conscience to violate the plaintiff's substantive due process rights. *Id.* at 1155 n.3. Instead, "[o]nly Coulter's [later] attempt to publish the autopsy photograph is sufficiently shocking to violate Marsh's substantive due process right." *Id.* Here, there is no allegation that Burnes was involved in publication, or an attempt to publish, the photos, and accordingly the FAC does not state a claim for a substantive due process violation.

Plaintiff further argues that her harm is the fear that she might one day stumble upon photographs of Decedent. (Pl.'s Opp'n at 5, quoting *Bryant v. County of Los Angeles*, 20-cv-9582-JFW, Dkt. 190 (Plaintiff's Brief).) But the FAC makes no allegation of conduct by Burnes that could cause that fear. In both *Marsh* and the *Bryant* matter Plaintiff cites, an attempt at publication by the defendant was alleged. *See Bryant v. County of Los Angeles*, 20-cv-9582-JFW, Dkt. 190 at 16-17 (Plaintiff's Brief) (asserting that defendant "sent death images to at least six reporters"); *Marsh,* 680 F.3d at 1155 ("Coulter sent [decedent's] autopsy photograph to the press"). Here by contrast, the FAC does not plead any facts showing that Burnes published the photographs, attempted to publish the photographs, shared the photographs with a reporter, or did anything to cause the photographs' publication. Accordingly, the complaint fails to plead facts that shock the conscience and fails to state a claim for a Fourteenth Amendment violation.

## II. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FEDERAL CAUSE OF ACTION.

Defendant's opening brief pointed out that Burnes is entitled to qualified immunity because it was not clearly established in March 2019 that a prison officials' taking and sharing photographs of a deceased person's remains was a violation of substantive due process rights. (Def.'s Mem. of P. & A. at 6-8.)

In opposition, Plaintiff argues that *Marsh's* procedural due process discussion clearly established that Burnes's alleged conduct would violate the Fourteenth Amendment via California Civil Procedure Code section 129. (Pl.'s Opp'n at 6-9.) In other words, according to Plaintiff, even though she does not assert a procedural due process claim in this case (FAC ¶ 25), Burnes should be denied qualified immunity because every reasonable correctional officer, in 2019, would have known that Burnes's alleged conduct was a procedural due process violation. (*See* Pl.'s Opp'n at 6-9.)

In so arguing, Plaintiff concedes that it was not clearly established in 2019 that Burnes's alleged conduct was a *substantive* due process violation. (*Id.*) Burnes is therefore entitled to qualified immunity from Plaintiff's substantive due process claim for the reasons set out in Burnes's opening brief. (*See* Def.'s Mem. of P. & A. at 6-8.) Since the substantive due process

4

claim is the only federal claim asserted in the FAC (*see* FAC ¶ 25), Plaintiff's Fourteenth Amendment claim against Burnes should be dismissed in its entirety.

In addition, even if Plaintiff had raised a procedural due process claim (and she does not) it would not be viable. As discussed above, section 129 does not apply to the facts pled here. Section 129 forbids making

> a copy, reproduction, or facsimile of any kind of a photograph, negative, or print, including instant photographs and video recordings, of the body, or any portion of the body, of a deceased person, *taken by or for the coroner* at the scene of death or in the course of a post mortem examination or autopsy[.]

Cal. Civ. Proc. Code § 129 (emphasis added). The FAC alleges that the photos were taken by CDCR employees either with their personal cell phones or for the CDCR Investigative Services Unit investigation. (FAC ¶¶ 17-18.) There is no allegation that any of the photos were taken by or for the coroner, and no mention of the coroner at all. (*See generally* FAC.) Accordingly, there is no allegation of a violation of section 129, and therefore no Fourteenth Amendment violation.

Plaintiff argues that *Marsh* established that copying of photos other than those taken by or for the coroner are actionable under procedural due process. (Pl.'s Opp'n at 7.) According to Plaintiff, when the Ninth Circuit stated that "In enacting section 129, California consciously and deliberately gave its citizens the right not to have government officials engage in unwarranted reproduction of autopsy photographs *or other death images of deceased relatives*," the court was creating a right beyond the language of the statute which would address any and all photos of deceased people. (*Id.* (quoting *Marsh*, 680 F.3d at 1157) (emphasis added).) The Ninth Circuit did no such thing. The obvious intent of the quoted phrase "or other death images of deceased relatives" is to cover the space between "autopsy photographs" and the statutory language, which includes photos "taken by or for the coroner at the scene of death or in the course of a post mortem examination or autopsy." *Marsh*, 680 F.3d at 1157; Cal. Code Civ. Proc. § 129. As recognized by the *Marsh* panel, liberty interests "can be defined by state law," and "[a] state official's failure to comply with state law that gives rise to a liberty or property interest may amount to a procedural (rather than substantive) due process violation." *Marsh,* 680 F.3d at 1155. Where there is no violation of the underlying statute, there is no procedural due process violation.

*See id.* Plaintiff's argument that the Ninth Circuit in *Marsh* established a procedural due process right going beyond the bounds of the statute is baseless.

Plaintiff further argues that she does not need to "specify" under which law her claims arise, and that therefore it makes no difference that she has not expressly asserted a procedural due process claim. (Pl.'s Opp'n 8-9.) It is not clear how Plaintiff believes that argument supports her opposition to qualified immunity. (*Id.*) To the extent Plaintiff is requesting that the Court interpret the FAC as asserting a procedural due process claim, the Court should decline to do so. The cases Plaintiff relies on are old, and while they may not have been specifically overruled, "under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied." *Schmall v. Gov't Emples. Ins. Co.*, No. 2:16-cv-00073-RCJ-CWH, 2016 U.S. Dist. LEXIS 30777, at *4 (D. Nev. Mar. 8, 2016). Here, Plaintiff specified her legal theory (substantive due process) in the FAC. (FAC ¶ 25.) There is no reason for the court to guess at whether another legal theory has somehow been implied. *See, e.g., UMG Recordings, Inc. v. Shelter Capital Partners Ltd. Liab. Co.*, 718 F.3d 1006, 1014 (9th Cir. 2013) ("[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged.") Plaintiff has not asserted a procedural due process claim. (*See* FAC ¶ 25.) And as stated above, even if a procedural due process claim were asserted, the claim would be futile because the photos alleged here were not taken "by or for the coroner." *See* Cal. Code Civ. Proc. § 129.

Plaintiff concedes that it was not clearly established in March 2019 that Burnes's alleged conduct was a substantive due process violation. (Pl.'s Opp'n at 6-9.) The Fourteenth Amendment claim should therefore be dismissed due to Burnes's qualified immunity.

### III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE-LAW CLAIMS.

As set forth above, Plaintiff's federal claim should be dismissed. (*See supra* §§ I-II.) Once the sole federal-law claim is dismissed, the Court should decline to exercise supplemental

jurisdiction over the state-law claims, and therefore dismiss the second, third, and fourth[1] causes of action as well.  *See* 28 U.S.C. § 1367(c)(3) (A district court may decline to exercise supplemental jurisdiction after dismissing "all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (when federal-law claims are dismissed before trial, state-law claims should be dismissed as well).

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF A MANDATORY DUTY.

Defendant's motion pointed out that the complaint fails to state a claim for breach of mandatory duty against Burnes because Burnes is not a public entity assigned liability under California Government Code section 815.6, and because the two mandatory duties Plaintiff asserts (California Civil Procedure Code section 129 and California Penal Code section 647.9) do not apply to the facts alleged here.  (Def.'s Mem. of P. & A. at 9-10.)

In opposition, Plaintiff drops the claim based on section 647.9, conceding that the section was not in effect in March 2019 and cannot be applied retroactively.  (*See* Pl.'s Opp'n at 10-11; Def.'s Mem. of P. & A. at 9.)

As to the claim based on section 129, Plaintiff first argues that her breach of mandatory duty claim is appropriate against individual defendants because a Central District court once allowed a breach of mandatory duty claim to proceed against individual defendants based on California Penal Code section 11166(a), which deals with mandated reporting for child abuse.  (Pl.'s Opp'n at 10-11 (citing *R.H. v. Cty. of San Bernardino*, 2020 WL 5775177, *9 (C.D. Cal. Jul 31, 2020).)  While that cause of action for breach of the mandated-reporter duty was allowed to proceed, it does not mean there is a general breach of mandatory duty cause of action against individuals.  Indeed, even the *R.H.* case warns against conflating individual and entity duties.  *R.H. v. Cty. of San Bernardino*, No. 5:18-cv-01232-JLS-KK, 2020 U.S. Dist. LEXIS 187832, at *16 (C.D. Cal. July 31, 2020) (distinguishing between an "agency's duty" and a "reporter's duty"

---

[1] Defendant's moving papers sought dismissal of the third cause of action (for negligence) and the fourth cause of action (for invasion of privacy) for failure to state a claim.  (Def.'s Mem. of P. & A. 10-12.)  Having reviewed Plaintiff's opposition, Defendant concedes that the FAC sufficiently pleads a claim for those causes of action.  However, the Court should decline to exercise supplemental jurisdiction over all of Plaintiff's state-law claims, and therefore dismiss them.

under Section 11166).  The breach of mandatory duty cause of action remains governed by Government Code 815.6, which addresses only public entities.  *See* Cal. Gov't Code § 815.6; CACI No. 423 (Public Entity Liability for Failure to Perform Mandatory Duty).)  Burnes is not an entity and accordingly cannot be liable under that cause of action.

Moreover, even if Plaintiff had asserted a proper claim for violation of California Civil Procedure Code section 129 against Burnes, as discussed above, the statute does not apply to the facts pled.  (*See supra* § II.)  Section 129 forbids dissemination of photographs of a deceased person "taken by or for the coroner."  Cal. Code Civ. Proc. § 129.  Here, Plaintiff alleges the photographs were taken by correctional employees, and does not allege that they were taken by or for the coroner.  (*See* FAC ¶¶ 8, 18.)  Accordingly, section 129 does not apply to the facts alleged here, and Plaintiff fails to state a claim for that additional reason.  Plaintiff's cause of action for breach of mandatory duty should be dismissed.

## V.   BURNES IS NOT LIABLE FOR THE ACTIONS OF OTHERS.

Burnes is not liable for the actions of other officers, and Plaintiff does not contest that in her opposition.  (*See generally* Pl.'s Opp'n; *see also* Def.'s Mem. of P. & A. at 12-13.)  To the extent Plaintiff's state-law claims assert that Burnes is liable for the actions of others, including those under his supervision, the claims should be dismissed for that reason as well.

## VI.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

In the conclusion to her opposition, Plaintiff seeks leave to amend.  (Pl.'s Opp'n at 15.)  Dismissal with prejudice is proper where amendment would be futile.  *See DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992).  At this point it is established that Plaintiff cannot correct the factual deficiencies in the complaint.  In particular, the amendment Plaintiff telegraphs, to add a procedural due process claim based on California Civil Procedure Code section 129, would be futile because the statute simply does not apply to the facts Plaintiff could allege.  Moreover, no amendment of Plaintiff's allegations would displace Defendants' qualified immunity defense to the substantive due process claim, which Plaintiff concedes is valid.  Accordingly, any amendment would be futile, and Plaintiff's claims against Burnes should be dismissed without leave to amend.

# CONCLUSION

The complaint pleads fails to plead facts showing that Defendant Burnes's conduct caused Plaintiff's harm, fails to allege a violation of clearly established law, and fails to state a plausible federal claim for relief.  Defendant's motion to dismiss should be granted, and the claims against Burnes dismissed without leave to amend.

| | |
|---|---|
| Dated:  July 31, 2023 | Respectfully submitted, |
| | ROB BONTA<br>Attorney General of California<br>JON S. ALLIN<br>Supervising Deputy Attorney General |
| | ***/s/ Jeremy Duggan***<br>JEREMY DUGGAN<br>Deputy Attorney General<br>*Attorneys for Defendant*<br>*J. Burnes* |

SA2021304683
37379625.docx

# CERTIFICATE OF SERVICE

Case Name: **Dora Solares v. Joseph Burns, et al.**    No. **1:21-CV-01349-JLT-BAM**

I hereby certify that on July 31, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 31, 2023, at Sacramento, California.

| Y. Pacheco | /s/ Y. Pacheco |
|---|---|
| Declarant | Signature |

SA2021304683
37380103.docx