1  Justin E. Sterling, State Bar No. 249491
   LAW OFFICES OF JUSTIN STERLING
2  Justin@SterlingDefense.com
   15760 Ventura Blvd. Suite 700
3  Encino, CA 91436
   Tel. (818) 995-9452/Fax. (818) 824-3533

4  Erin Darling, State Bar No. 259724
   LAW OFFICES OF ERIN DARLING
5  Erin@ErinDarlingLaw.com
   3435 Wilshire Blvd. Suite 2910
6  Los Angeles, CA 90010
   Tel. (323) 736-2230
7
   Attorneys for Plaintiff Dora Solares
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA SOLARES, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH BURNES, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>    Defendants. | Case No. 1:21-cv-01349-LHR-BAM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Date:         December 9, 2024<br>Time:        9 a.m.<br>Courtroom:  8, 6th Floor<br>Action Filed:  September 8, 2021 |

# MEMORANDUM OF POINTS & AUTHORITIES

## I. Overview and Relief Requested

Plaintiff Dora Solares lost her son, Luis Romero, after Mr. Romero was killed on the second night of being transferred to California State Prison, Corcoran. Following the gruesome murder, in which he was beheaded, Corcoran officials took photos of the grisly crime scene, including images of the decapitated Luis Romero. CDCR employees then impermissibly, and with morbid curiosity, texted and emailed photographs of the grisly crime scene. CDCR Lieutenant Erik Beam obtained gruesome crime scene images of the decapitated Romero and sent multiple emails that contained the highly sensitive images, from both his personal and his work email address. An investigation into the impermissible sharing of such sensitive evidence discovered that at least 29 emails contained a grisly image of the decapitated Romero that had originated with an Erik Beam email in 2019. By 2020 and 2021, such gruesome photographs of Mr. Romero's remains had been posted online and on social media. Defendant has provided discovery responses, and from that production Plaintiff has learned the identity of Erik Beam and the details his heinous actions. Plaintiff originally sought Defendant's stipulation for leave to amend to add Mr. Beam but that offer was rejected. Plaintiff now asks for the Court for leave to amend to file her Second Amended Complaint.

## II. Standard for Granting Leave to Amend

Under Federal Rules of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Leave is granted unless the amendment causes prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Properties, Inc., v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). As the Supreme Court explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to
opposing party by virtue of allowance of the amendment, futility of amendment,
etc. – the leave sought should, as rules require, be "freely given." Of course, the
grant or denial of an opportunity to amend is within the discretion of the
District Court, but outright refusal to grant the leave without any justifying
reason appearing for the denial is not an exercise of discretion; it is merely abuse
of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

As explained below, there is no prejudice to defendants and Plaintiff complies with the relevant federal and state rule.

### III.   California Law for Naming and Serving Doe Defendants Controls

Cal. Code Civ. Procedure § 474 allows a plaintiff to designate as "doe" defendants those parties whose true identities are unknown at the time the complaint was filed. There are three circumstances under which the "ignorance" requirement can be satisfied: (1) if the plaintiff is unaware of the defendant's identity, (2) if the plaintiff is unaware of the facts giving rise to its cause of action against the defendant, or (3) if the law does not recognize the cause of action until after the time to file the complaint has lapsed. *See* Cal. Code Civ. Proc. § 474.

In *Cabrales v. County of Los Angeles*, 864 F.2d 1564 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), opinion reinstated by 886 F.2d 235 (9th Cir. 1989), plaintiff sued under § 1983, alleging defendants wrongly denied her son medical care while he was incarcerated in the Los Angeles County jail. Nearly two years after filing suit, the plaintiff named and served as Doe defendant, Ronald Black, a jail commander. Following judgment in plaintiff's favor, defendant appealed. Black argued the claims against him were time-barred because he was not named and served as a defendant within one year, as then required by Fed. R. Civ. P. 15(c).[1] The Ninth Circuit disagreed,

---

[1] Before 1991, Fed. R. Civ. P 15(c) required that a Doe defendant receive notice of the

3

holding that the far more liberal California law controlled over the federal rules for naming and serving Doe defendants in actions brought under § 1983. *Cabrales*, 864 F.2d at 1463. As summarized by the Ninth Circuit:

> In *Cabrales*, we affirmed the district court's holding that the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983. We reached this determination despite the fact the substitution of the additional defendants would have violated the notice requirement of the federal rule. Under California relation back rules, there is no notice-to-defendants requirement as in the federal rule."

*Merritt v. County of Los Angeles*, 875 F.2d 765 (1989) (citing *Cabrales*, 864 F.2d at 1463).

After *Cabrales*, Rule 15(c) was itself amended, and as explained by the Ninth Circuit in *Butler v. National Community Renaissance of California*, 766 F.3d 1191 (9th Cir. 2014):

> Rule 15(c)(1) incorporates the relation back rules of the law of the state when the state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules.

*Butler*, 766 F.3d at 1200.

Where "the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the "more permissive" relation back standard. *Butler*, 766 F.3d at 1201. Substituting in a new defendant for a Doe defendant is permitted when: (1) the complaint states a cause of action against each Doe defendant; (2) the complaint alleges that the plaintiff is ignorant of the true names of each Doe defendant; (3) the plaintiff is actually ignorant

---

complaint within the time for filing suit against him under the applicable statute of limitations. *Lindley v. General Elec. Co.*, 780 F.2d 797, 798 n.1 (9th Cir. 1986) (quoting Rule 15(c) then in effect).

4

of the true name at the time of the filing; and (4) the plaintiff amends once the true name of the defendant is discovered." *Russell v. Cnty. of Butte*, 2015 U.S. Dist. LEXIS 80059, at * 10 (E.D. Cal. June 19, 2015) (citing *Fireman's Fund. Ins. Co. v. Sparks Const., Inc.* 114 Cal. App. 4th 1135, 1143 (2004)).

In this case, plaintiff was ignorant of the newly proposed defendant, Erik Beam, until she received discovery responses from defendants in September of 2024. In October 2024 plaintiff's counsel sought a stipulation for leave to amend to add Mr. Beam as a defendant. On October 31, 2024, defense counsel informed plaintiff's counsel that he would not stipulate, thus requiring this motion. Within less than two months of the productions of documents informing Plaintiff of the identity and actions of Beam, Plaintiff moves to amend to add Beam as a defendant. There is no prejudice to the current sole defendant, Sergeant Burnes. The pleadings in this case have always alleged other individuals (who were named as Does) and it was not until 2024 through discovery that Plaintiff learned the identity of the correctional officer who emailed grisly crime scene images of the decapitated Luis Romero. Even up until this date, defendant Burnes has not yet produced the entirety of the investigation into the spread of the crime scene images that implicate Erik Beam. Plaintiff was ignorant of the true name of the proposed defendant at the time of the filing but has moved to amend once the true name has been discovered.

Defendant would suffer no prejudice from the amendment. No new claims are made and the essential allegations remain the same. The proposed defendant is a state employees and would be represented by the Office of the Attorney General of California, unless a conflict exists, and even then his legal representation would be paid for by the state of California. Defendant Burnes was never alleged to have acted alone, and now that Plaintiff has learned of the identity of another CDCR employees who has played a role, Plaintiff has named him in the proposed Second Amended Complaint. California Code of Civil Procedure Section 474 anticipates this exact naming of Doe defendants when a Plaintiff has been unaware of a defendant's identity.

5

## IV. Conclusion

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint so as to add Erik Beam, who is currently a Doe defendant. This new defendant is described in the proposed Second Amended Complaint, which is attached herein in both redline form and non-redline form. The new proposed defendant Beam, described on page 3, line 7 through 8; page 6, lines 10 through 25; page 8, passim; page 9, passim. The proposed Second Amended Complaint is attached as Exhibit A (in its redlined format) and Exhibit B (in its non-redlined format).

Respectfully Submitted,

**LAW OFFICES OF ERIN DARLING**

DATED: November 5, 2024

By:   /s/ Erin Darling
     Erin Darling
     Attorney for Plaintiff,
     DORA SOLARES