1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   JON S. ALLIN, State Bar No. 155069
    Supervising Deputy Attorney General
3   JEREMY DUGGAN, State Bar No. 229854
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone:  (916) 210-6008
6     Fax:  (916) 324-5205
      E-mail:  Jeremy.Duggan@doj.ca.gov
7   *Attorneys for Defendant*
    *J. Burnes*

8

                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
                              FRESNO DIVISION
11

12

13  | **DORA SOLARES,** | 1:21-CV-01349-JLT-BAM |
    
14                              Plaintiff,    **DEFENDANT'S OPPOSITION TO
                                              PLAINTIFF'S MOTION FOR LEAVE TO**
15          v.                                **AMEND**

16
    **JOSEPH BURNS, et al.,**
17
                               Defendant.
18

19

20          Plaintiff moves for leave to amend the complaint in this matter to add new alleged facts and

21  claims against California Department of Corrections and Rehabilitation Lieutenant Erik Beam.

22          In this matter, the deadline to amend or add new parties has passed, and the fact discovery

23  deadline is in less than a month.  It would be prejudicial to add new parties and claims at this late

24  stage.

25          Moreover, Plaintiff has not shown the good cause required for the proposed amendment.

26  The proposed new claims are based on separate alleged facts at a separate prison and do not

27  involve Defendant Burnes.  There is no good cause to add the proposed new allegations and

28  claims to this case, and the motion should be denied for that reason as well.

                                              1

## I.    PROCEDURAL DEFICIENCIES

Plaintiff filed this motion on November 5, 2024, and set the hearing for December 9, 2024, thirty-four days after the filing.  (Notice of Motion, ECF No. 41.)  Local Rule 230(b) requires that the hearing be set "not less than thirty-five days after service and filing of the motion."  The hearing on this motion, if any, should be after December 10, 2024.

Plaintiff's motion presents a redline form of the proposed amended complaint (ECF No. 41-2).  That redline is based on the "First Amended Complaint" that Plaintiff filed on April 29, 2024.  (ECF No. 29.)  That "First Amended Complaint" was never authorized and is a nullity.  (*See* Order Granting in Part and Denying in Part Defendant Burnes's Motion to Dismiss at 16 (ECF No. 26) (not authorizing an amended complaint and ordering Defendant Burnes to answer the operative complaint).)  The operative complaint in this matter is the First Amended Complaint filed on June 21, 2023 at ECF No. 21.

## II.    PLAINTIFF'S PROPOSED AMENDMENT IS LATE AND PREJUDICIAL TO DEFENDANT.

The Ninth Circuit considers four factors when reviewing a decision whether to permit an amendment:  "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 738 (9th Cir. 2013).  Here, Plaintiff has previously amended, and Plaintiff's late proposed amendment would result in prejudice to Defendant.  The motion should be denied.

The Court's June 28, 2024 Scheduling and Docket Control Order set the deadline for motions to add new parties and motions for leave to amend as September 27, 2024.  (Scheduling and Docket Control Order at 1, ECF No. 35.)  Plaintiff's motion to amend and to add Lieutenant Beam was filed on November 5, 2024, well after the deadline to do so.  Plaintiff did not move to modify that deadline.  The order further set the discovery deadline as December 13, 2024, less than a month from now.  (*Id.* at 2.)

Defendant Burnes would be prejudiced by the proposed amendment.  "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."  *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d

1132, 1139 (9th Cir. 1998) (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F. 3d 980, 986 (9th Cir. 1999).

Plaintiff proposes adding new alleged facts and a new Defendant within a month of the discovery deadline.  (Proposed Amended Complaint at 3, 6 (ECF No. 41-2).)  The proposed amendment would require reopening discovery and would therefore delay the proceedings, resulting in prejudice to Defendant Burnes.

Plaintiff's motion does not explain the lateness or provide any plan to relieve the prejudice that would result from adding a new party and new alleged facts so close to the discovery deadline.  (*See generally* Pl.'s Mem. of Points and Authorities, ECF No. 41-1.)  Because Defendant Burnes would be prejudiced by Plaintiff's proposed amendment, the motion should be denied.

### III.     PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR THE PROPOSED AMENDMENT.

As to motions for leave to amend, the Docket Control Order states that any motion filed after the deadline "must show good cause."  (Scheduling and Docket Control Order at 1.) Plaintiff's motion for leave to amend makes no attempt to show good cause for the amendment, instead focusing on the requirements of Federal Rule of Civil Procedure 15(a)(2).  (Pl.'s Mem. of P. & A. at 2.)

The good cause inquiry focuses on "the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, Plaintiff asserts that the reason for amendment is that counsel was not aware of Lieutenant Beam until discovery responses were served in September 2024.  (Pl.'s Mem. of P. & A. at 5.)  But the facts asserted against Beam are separate and apart from those asserted against Burnes, and the new alleged facts do not relate to Defendant Burnes.  (Proposed Amendment at 6, ECF No. 41-2 (asserting that Burnes was involved in leaking emails to a certain website, while Beam was involved in a separate incident).

Plaintiff's explanation therefore relates to whether Plaintiff may assert claims against Beam generally, but does not explain why the facts and claims asserted against Beam should be joined *in this matter*, as opposed to filing a new complaint.  Plaintiff fails to show good cause to amend

3

1    the complaint against Burnes to add these facts and claims, and the motion for leave to amend

2    should be denied.

3    **CONCLUSION**

4         Plaintiff's motion for leave to amend is late.  The proximity to the close of discovery

5    prejudices Defendant.  And Plaintiff fails to show good cause for adding the proposed new facts

6    and claims to this case.  The motion should be denied.

7    Dated:  November 19, 2024                Respectfully submitted,

8
9
                                                   ROB BONTA
                                                   Attorney General of California
                                                   JON S. ALLIN

10                                                    Supervising Deputy Attorney General

11
12                                                    ***/s/ Jeremy Duggan***

13                                                    JEREMY DUGGAN
                                                   Deputy Attorney General

14                                                    *Attorneys for Defendant*
                                                   *J. Burnes*

15    SA2021304683
16    38552699.docx

17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

Case Name:  **Dora Solares v. Joseph Burns, et al.**        No.    **1:21-CV-01349-JLT-BAM**

I hereby certify that on <u>November 19, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

➢ **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 19, 2024</u>, at Sacramento, California.

|  |  |
|---|---|
| K. Vitalie | */s/ K. Vitalie* |
| Declarant | Signature |

SA2021304683
38556125.docx