1  J. RANDALL ANDRADA, SBN 70000
   randrada@andradalaw.com
2  LYNNE G. STOCKER, SBN 130333
   lstocker@andradalaw.com
3  **ANDRADA & ASSOCIATES**
   **PROFESSIONAL CORPORATION**
4  1939 Harrison Street, Suite 612
   Oakland, California 94612
5  Tel.: (510) 287-4160 / Fax: (510) 287-4161

6  Attorneys for Defendant
   E. BEAM

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10                      FRESNO DIVISION

11  DORA SOLARES,                          Case No.: 1:21-CV-01349-LHR-BAM

12              Plaintiff,                 **DEFENDANT BEAM'S ANSWER TO**
                                           **SECOND AMENDED COMPLAINT;**
13        v.                               **AND DEMAND FOR JURY TRIAL**

14  JOSEPH BURNES, et al.,

15              Defendants.

16

17        COMES NOW defendant BEAM who responds to the Second Amended Complaint ("SAC")

18  of Plaintiff DORA SOLARES as follows.[1]  Pursuant to Rule 8(b)(3), Federal Rules of Civil

19  Procedure, said answering Defendant generally denies all of the allegations of the SAC except for

20  those allegations that are expressly admitted.

21                         **INTRODUCTION**

22        1.      Responding to Paragraph 1 of the SAC, Defendant admits that in March 2019, Luis

23  Romero was murdered by his cellmate, Jaime Osuna, at California State Prison-Corcoran. Defendant

24  admits that he shared a limited number of photographs of Mr. Romero's body with other prison

25  officials in furtherance of legitimate penological purposes. Defendant lacks knowledge or

26  information sufficient to admit or deny the truth of the remaining allegations and on that basis denies

27  them.

28

---

[1] Plaintiff was granted leave to amend the First Amended Complaint to add Beam as DOE No. 3. ECF No. 46.    1

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**JURISDICTION AND VENUE**

2.      Responding to Paragraph 2 of the SAC, Defendant admits that jurisdiction is proper in this court under 28 U.S.C. § 1331, and that supplemental jurisdiction over the state-law claims is proper under 28 U.S.C. § 1367. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

3.      Responding to Paragraph 3 of the SAC, Defendant admits that venue is proper in this court under 28 U.S.C. § 1391. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

**PARTIES**

4.      Responding to Paragraph 4 of the SAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

5.      Responding to Paragraph 5 of the SAC, Defendant admits that he was a Correctional Lieutenant employed by the California Department of Corrections and Rehabilitation ("CDCR") at Salinas Valley State Prison in March of 2019.  Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

6.      Responding to Paragraph 6 of the SAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

7.      Responding to Paragraph 7 of the SAC, Defendant admits that he was a Correctional Lieutenant employed by the CDCR at Salinas Valley State Prison in March of 2019.  Defendant denies that he was employed by the CDCR at California State Prison, Corcoran. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

8.      Responding to Paragraph 8 of the SAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

/ /

/ /

2

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

1

## PROCEDURAL HISTORY

2     9.    Responding to Paragraph 9 of the SAC, Defendant lacks knowledge or information

3 sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent

4 that the paragraph states legal theories and conclusions, no response is required.

5     ## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6     10.    Responding to Paragraph 10 of the SAC, Defendant lacks knowledge or information

7 sufficient to admit or deny the truth of the allegations and on that basis denies them.

8     11.    Responding to Paragraph 11 of the SAC, Defendant lacks knowledge or information

9 sufficient to admit or deny the truth of the allegations and on that basis denies them.

10     12.    Responding to Paragraph 12 of the SAC, Defendant lacks knowledge or information

11 sufficient to admit or deny the truth of the allegations and on that basis denies them.

12     13.    Responding to Paragraph 13 of the SAC, Defendant lacks knowledge or information

13 sufficient to admit or deny the truth of the allegations and on that basis denies them.

14     ## FACTS

15     14.    Responding to Paragraph 14 of the SAC, Defendant lacks knowledge or information

16 sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

17     15.    Responding to Paragraph 15 of the SAC, Defendant lacks knowledge or information

18 sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

19     16.    Responding to Paragraph 16 of the SAC, Defendant lacks knowledge or information

20 sufficient to admit or deny the truth of the allegations and on that basis denies them.

21     17.    Responding to Paragraph 17 of the SAC, Defendant admits that he shared a limited

22 number of photographs of Mr. Romero's body with other prison officials in furtherance of legitimate

23 penological purposes. Defendant denies the allegations of the last sentence of this paragraph.

24 Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining

25 allegations and on that basis denies them. To the extent that the paragraph states legal theories and

26 conclusions, no response is required.

27     18.    Responding to Paragraph 18 of the SAC, Defendant lacks knowledge or information

28 sufficient to admit or deny the truth of the allegations and on that basis denies them.

**DAMAGES**

19.     Responding to Paragraph 19 of the SAC, Defendant denies the allegations.

20.     Responding to Paragraph 20 of the SAC, Defendant denies the allegations.

21.     Responding to Paragraph 21 of the SAC, Defendant denies the allegations.

22.     Responding to Paragraph 22 of the SAC, Defendant denies the allegations.

23.     Responding to Paragraph 23 of the SAC, 14, Defendant admits that Plaintiff is entitled to seek attorneys' fees and denies that Plaintiff is entitled to recover attorneys' fees. Defendant denies the remaining allegations

**FIRST CLAIM FOR RELIEF**

24.     Responding to Paragraph 24 of the SAC, Defendant incorporates by reference the above responses to Paragraphs 1-23 of the SAC.

25.     Responding to Paragraph 25 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

26.     Responding to Paragraph 26 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

27.     Responding to Paragraph 27 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

28.     Responding to Paragraph 28 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required

**SECOND CLAIM FOR RELIEF**

29.     Responding to Paragraph 29 of the SAC, Defendant incorporates by reference the above responses to Paragraphs 1-28 of the SAC.

30.     Responding to Paragraph 30 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

31.     Responding to Paragraph 31 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

32.     Responding to Paragraph 32 of the SAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions and no response is required.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

4

1    33.    Responding to Paragraph 33 of the SAC, Defendant denies the allegations.

2    34.    Responding to Paragraph 34 of the SAC, Defendant denies the allegations.

3                          **THIRD CLAIM FOR RELIEF**

4    35.    Responding to Paragraph 35 of the SAC, Defendant incorporates by reference the

5    above responses to Paragraphs 1-34 of the SAC.

6    36.    Responding to Paragraph 36 of the SAC, Defendant denies the allegations. To the

7    extent that the paragraph states legal theories and conclusions, no response is required.

8    37.    Responding to Paragraph 37 of the SAC, Defendant denies the allegations.

9    38.    Responding to Paragraph 38 of the SAC, Defendant denies the allegations. To the

10    extent that the paragraph states legal theories and conclusions, no response is required.

11    39.    Responding to Paragraph 39 of the SAC, Defendant lacks knowledge or information

12    sufficient to admit or deny the truth of the allegations of the first sentence and on that basis denies

13    them. Defendant denies the allegations of the second sentence.

14    40.    Responding to Paragraph 40 of the SAC, Defendant denies the allegations. To the

15    extent that the paragraph states legal theories and conclusions, no response is required

16    41.    Responding to Paragraph 41 of the SAC, Defendant denies the allegations.  To the

17    extent that the paragraph states legal theories and conclusions, no response is required.

18                          **PRAYER FOR RELIEF**

19    42.    Responding to the Prayer for Relief section of the SAC, Defendant admits that

20    Plaintiff is entitled to seek damages, but denies that Plaintiff is entitled to recover damages.

21                          **AFFIRMATIVE DEFENSES**

22        AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows

23    1.    Defendant alleges that the Complaint fails to state a cause of action upon which relief

24    may be granted under the Fourteenth Amendment and/or under any other theory of law including, but

25    not limited to, 42 U.S.C. § 1983.

26    2.    Defendant alleges that he did not act with malicious intent or reckless disregard for

27    Plaintiff's rights, and therefore is not liable for punitive damages.

28    / /

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

5

1      3.   Defendant alleges that Plaintiff's claims are barred by the applicable statute of

2    limitations as set forth in California Code of Civil Procedure §§ 335.1 *et seq*., California Government

3    Code § 945.6, and other applicable statutes of limitations.

4      4.   Defendant alleges that Plaintiff's claims are barred because she failed to exhaust her

5    administrative remedies.

6      5.   Defendant alleges that Plaintiff lacks standing.

7      6.   Defendant alleges that he is entitled to immunity or qualified immunity because he

8    committed no constitutional violations and a reasonable person in his position would have believed his

9    conduct was lawful.

10     7.   Defendant alleges that Plaintiff has not been deprived of any rights, privileges, or

11   immunities guaranteed by the laws of the United States or by the laws of the State of California.

12     8.   Defendant alleges that Plaintiff failed to comply with the claim presentation

13   requirements of the California Government Claims Act and that Plaintiff's claims are barred under

14   California Government Code section 950.2.

15     9.   Defendant invokes California Government Code sections 814 through 985.

16     10.   Defendant alleges that his actions were, at all times, based on legitimate penological

17   interests and purposes.

18     11.   Defendant alleges that Plaintiff has suffered no actual injury due to Defendant's conduct.

19     12.   Defendant alleges that Plaintiff failed to mitigate her damages.

20     13.   Defendant alleges that Plaintiff's SAC is barred by the doctrines of waiver, estoppel,

21   unclean hands, and laches.

22     14.   Defendant alleges that any act or omission on the part of Defendant was not the legal

23   cause of Plaintiff's alleged injuries.

24     15.   Defendant alleges that at all times mentioned in the SAC, Plaintiff acted in a careless,

25   reckless, wanton and negligent manner in and about the matters set forth in the SAC; that such careless,

26   reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any,

27   sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

28   / /

*ANDRADA & ASSOCIATES*
PROFESSIONAL CORPORATION

{00129171.DOC/}CDCR 1276
DEFENDANT BEAM'S ANSWER TO SAC; DEMAND FOR JURY TRIAL

*Solares v. Burnes, et al.*
1:21-cv-01349-LHR-BAM

1    16.    Defendant alleges that because the SAC is couched in conclusory terms, Defendant

2 cannot anticipate fully all affirmative defenses that may be applicable in this matter.  Accordingly, the

3 right to assert additional affirmative defenses, if and to the extent such affirmative defenses are

4 applicable, is hereby reserved.

5    WHEREFORE, Defendant prays as follows:

6    1.    That judgment be rendered in favor of Defendant and against Plaintiff;

7    2.    That Plaintiff take nothing by reason of the SAC;

8    3.    That Defendant be awarded costs of suit and attorney's fees; and

9    4.    For such other relief as this court may deem proper.

10    **DEMAND FOR JURY TRIAL**

11    This answering Defendant hereby demands a trial by jury.

12

13 Dated: February 25, 2025    **ANDRADA & ASSOCIATES**

14

15    */s/ Lynne G. Stocker*
    By _____
16    LYNNE G. STOCKER
    Attorneys for Defendant
    E. BEAM

17

18

19

20

21

22

23

24

25

26

27

28

7

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION