1  J. RANDALL ANDRADA, SBN 70000
   randrada@andradalaw.com
2  LYNNE G. STOCKER, SBN 130333
   lstocker@andradalaw.com
3  **ANDRADA & ASSOCIATES**
   **PROFESSIONAL CORPORATION**
4  1939 Harrison Street, Suite 612
   Oakland, California 94612
5  Tel.:   (510) 287-4160 / Fax: (510) 287-4161

6  Attorneys for Defendant
   E. BEAM

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                              FRESNO DIVISION

11 | DORA SOLARES,                        | Case No.: 1:21-CV-01349-LHR-BAM
12 |                Plaintiff,            | **DEFENDANT BEAM'S ANSWER TO THIRD AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**
13 |        v.                            |
14 | JOSEPH BURNES, et al.,               |
15 |                Defendants.           |

16

17         COMES NOW defendant BEAM who responds to the Third Amended Complaint ("TAC") of

18  Plaintiff DORA SOLARES as follows.  Pursuant to Rule 8(b)(3), Federal Rules of Civil Procedure,

19  said answering Defendant generally denies all of the allegations of the TAC except for those

20  allegations that are expressly admitted.

21                              **INTRODUCTION**

22         1.      Responding to Paragraph 1 of the TAC, Defendant admits that in March 2019, Luis

23  Romero was murdered by his cellmate, Jaime Osuna, at California State Prison-Corcoran. Defendant

24  admits that he shared a limited number of photographs of Mr. Romero's body with other prison

25  officials in furtherance of legitimate penological purposes. Defendant lacks knowledge or

26  information sufficient to admit or deny the truth of the remaining allegations and on that basis denies

27  them.

28  / /

1

{00130545.DOC/}CDCR 1276                                              *Solares v. Burnes, et al.*
DEFENDANT BEAM'S ANSWER TO TAC; DEMAND FOR JURY TRIAL                 1:21-cv-01349-LHR-BAM

**JURISDICTION AND VENUE**

2. Responding to Paragraph 2 of the TAC, Defendant admits that jurisdiction is proper in this court under 28 U.S.C. § 1331, and that supplemental jurisdiction over the state-law claims is proper under 28 U.S.C. § 1367. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

3. Responding to Paragraph 3 of the TAC, Defendant admits that venue is proper in this court under 28 U.S.C. § 1391. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

**PARTIES**

4. Responding to Paragraph 4 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

5. Responding to Paragraph 5 of the TAC, Defendant admits that he was a Correctional Lieutenant employed by the California Department of Corrections and Rehabilitation ("CDCR") at Salinas Valley State Prison in March of 2019. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

6. Responding to Paragraph 6 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

7. Responding to Paragraph 7 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

8. Responding to Paragraph 8 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

**PROCEDURAL HISTORY**

9. Responding to Paragraph 9 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

/ /

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Responding to Paragraph 10 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

11. Responding to Paragraph 11 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

12. Responding to Paragraph 12 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

13. Responding to Paragraph 13 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

**FACTS**

14. Responding to Paragraph 14 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

15. Responding to Paragraph 15 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

16. Responding to Paragraph 16 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

17. Responding to Paragraph 17 of the TAC, Defendant admits that he shared a limited number of photographs of Mr. Romero's body with other prison officials in furtherance of legitimate penological purposes. Defendant denies the allegations of the last sentence of this paragraph. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

18. Responding to Paragraph 18 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

**DAMAGES**

19. Responding to Paragraph 19 of the TAC, Defendant denies the allegations.

20. Responding to Paragraph 20 of the TAC, Defendant denies the allegations.

21. Responding to Paragraph 21 of the TAC, Defendant denies the allegations.

3

{00130545.DOC/}CDCR 1276                                                               *Solares v. Burnes, et al.*
DEFENDANT BEAM'S ANSWER TO TAC; DEMAND FOR JURY TRIAL           1:21-cv-01349-LHR-BAM

22. Responding to Paragraph 22 of the TAC, Defendant denies the allegations.

23. Responding to Paragraph 23 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

## FIRST CLAIM FOR RELIEF

24. Responding to Paragraph 24 of the TAC, Defendant incorporates by reference the above responses to Paragraphs 1-23 of the TAC.

25. Responding to Paragraph 25 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

26. Responding to Paragraph 26 of the TAC, Defendant admits that he shared a limited number of photographs of Mr. Romero's body with other prison officials in furtherance of legitimate penological purposes. Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

27. Responding to Paragraph 27 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

28. Responding to Paragraph 28 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required

## SECOND CLAIM FOR RELIEF

29. Responding to Paragraph 29 of the TAC, Defendant incorporates by reference the above responses to Paragraphs 1-28 of the TAC.

30. Responding to Paragraph 30 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

31. Responding to Paragraph 31 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

32. Responding to Paragraph 32 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions and no response is required.

33. Responding to Paragraph 33 of the TAC, Defendant denies the allegations.

34. Responding to Paragraph 34 of the TAC, Defendant denies the allegations.

/ /

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**THIRD CLAIM FOR RELIEF**

35. Responding to Paragraph 35 of the TAC, Defendant incorporates by reference the above responses to Paragraphs 1-34 of the TAC.

36. Responding to Paragraph 36 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

37. Responding to Paragraph 37 of the TAC, Defendant denies the allegations.

38. Responding to Paragraph 38 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

39. Responding to Paragraph 39 of the TAC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations of the first sentence and on that basis denies them. Defendant denies the allegations of the second sentence.

40. Responding to Paragraph 40 of the TAC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required

41. Responding to Paragraph 41 of the TAC, Defendant denies the allegations.  To the extent that the paragraph states legal theories and conclusions, no response is required.

**PRAYER FOR RELIEF**

42. Responding to the Prayer for Relief section of the TAC, Defendant admits that Plaintiff is entitled to seek damages, but denies that Plaintiff is entitled to recover damages.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows

1. Defendant alleges that the Complaint fails to state a cause of action upon which relief may be granted under the Fourteenth Amendment and/or under any other theory of law including, but not limited to, 42 U.S.C. § 1983.

2. Defendant alleges that he did not act with malicious intent or reckless disregard for Plaintiff's rights, and therefore is not liable for punitive damages.

3. Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations as set forth in California Code of Civil Procedure §§ 335.1 *et seq*., California Government

5

1  Code § 945.6, and other applicable statutes of limitations.

2      4.     Defendant alleges that Plaintiff's claims are barred because she failed to exhaust her
3  administrative remedies.

4      5.     Defendant alleges that Plaintiff lacks standing.

5      6.     Defendant alleges that he is entitled to immunity or qualified immunity because he
6  committed no constitutional violations and a reasonable person in his position would have believed his
7  conduct was lawful.

8      7.     Defendant alleges that Plaintiff has not been deprived of any rights, privileges, or
9  immunities guaranteed by the laws of the United States or by the laws of the State of California.

10      8.     Defendant alleges that Plaintiff failed to comply with the claim presentation
11  requirements of the California Government Claims Act and that Plaintiff's claims are barred under
12  California Government Code section 950.2.

13      9.     Defendant invokes California Government Code sections 814 through 985.

14      10.     Defendant alleges that his actions were, at all times, based on legitimate penological
15  interests and purposes.

16      11.     Defendant alleges that Plaintiff has suffered no actual injury due to Defendant's conduct.

17      12.     Defendant alleges that Plaintiff failed to mitigate her damages, if any there were.

18      13.     Defendant alleges that Plaintiff's Complaint is barred by the doctrines of waiver,
19  estoppel, unclean hands, and laches.

20      14.     Defendant alleges that any act or omission on the part of Defendant was not the legal
21  cause of Plaintiff's alleged injuries, if any there were.

22      15.     Defendant alleges that at all times mentioned in the Complaint, Plaintiff acted in a
23  careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that
24  such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and
25  damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

26      16.     Defendant alleges that because the Complaint is couched in conclusory terms, Defendant
27  cannot anticipate fully all affirmative defenses that may be applicable in this matter. Accordingly, the
28  right to assert additional affirmative defenses, if and to the extent such affirmative defenses are

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

1 applicable, is hereby reserved.

2     WHEREFORE, Defendant prays as follows:

3     1.   That judgment be rendered in favor of Defendant and against Plaintiff;

4     2.   That Plaintiff take nothing by reason of this action;

5     3.   That Defendant be awarded costs of suit and attorney's fees; and

6     4.   For such other relief as this court may deem proper.

**DEMAND FOR JURY TRIAL**

8 This answering Defendant hereby demands a trial by jury.

10 Dated: October 1, 2025                              **ANDRADA & ASSOCIATES**

By  */s/ Lynne G. Stocker*
    LYNNE G. STOCKER
    Attorneys for Defendant
    E. BEAM

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

7