PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendant, **JACOB FUGATE**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA SOLARES,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH BURNES, in his individual, and DOES 1 TO 15, in their individual capacities,<br><br>Defendants. | **Case No.: 1:21-cv-01349-LHR (FJSx)**<br><br>**DECLARATION OF MOLSHREE GUPTA**<br><br>Action Filed: September 8, 2021<br>Pretrial Conference: XXX<br>Trial Date: XXX<br><br>Assigned to:<br>Hon. Lee H. Rosenthal, District Judge |

# DECLARATION OF MOLSHREE GUPTA

I, MOLSHREE GUPTA, declare:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before the United States District Court for the Eastern District of California. I am counsel of record for Defendant Jacob Fugate in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

2. **Exhibit A** is a true and correct copy of pertinent portions of Mr. Fugate's Deposition Transcript dated July 17, 2026.

3. **Exhibit B** is a true and correct copy of Mr. Fugate's responses to Plaintiff's Requests for Admission, Set 1, dated March 2, 2026.

4. Plaintiff's significant and comprehensive investigation with the CDCR (in two lawsuits) has resulted in the discovery of no evidence that Mr. Fugate transmitted any images of the crime scene or Decedent's body.

5. As such, on June 8, 2026, the parties appeared for a Status Conference prior to which Plaintiff raised the issue of seeking Mr. Fugate's cellphone number, which would allow him to subpoena Mr. Fugate's cellphone records and determine whether Mr. Fugate had transmitted the subject crime scene images on his personal cellphone. **Exhibit C** is a true and correct copy of the parties' *Pre-Motion Conference Statement*, submitted on or about June 5, 2026.

6. At the June 8, 2026, Status Conference, Plaintiff's counsel agreed that he would limit the subpoena to requests for text message transmissions of photographs from March 2019 to March 2024, and further agreed to allow Mr. Fugate's counsel a "first look" at subpoenaed records to search for and produce only those records ordered by the Court.

7. On June 16, 2026, Mr. Fugate provided his cellphone number as a further response to Plaintiff's Interrogatory No. 1, pursuant to Plaintiff's June 8, 2026, on-the-

record agreements and the Court's resulting June 8, 2026, Order.

8. On June 19, 2026, Plaintiff served a subpoena to Verizon which did not comport with the Court's June 8, 2026, Order, and Plaintiff's counsel thereafter declined to withdraw or amend the subpoena in response to meet and confer efforts by Mr. Fugate's counsel. **Exhibit D** is a true and correct copy of the parties' June 19, 2026, meet and confer correspondence regarding Plaintiff's Verizon Subpoena (*Version 1*).

9. On June 26, 2026, Mr. Fugate was forced to file a timely objection to Plaintiff's subpoena for failure to comply with the Court-ordered scope. **Exhibit E** is a true and correct copy of Mr. Fugate's June 26, 2026, Objection to Verizon Subpoena (*Version 1*).

10. On July 13, 2026, Plaintiff's counsel finally agreed to meet and confer with Mr. Fugate counsel in good faith regarding the scope of the Verizon subpoena for Mr. Fugate's cellphone records, and Plaintiff's counsel consequently agreed to prepare an Amended Subpoena and to confer with Mr. Fugate's counsel to confirm agreement as to scope before issuing it.

11. Between July 13, 2026, and July 16, 2026, Mr. Fugate's counsel spent significant time conferring with Plaintiff's counsel regarding the amended scope of the Verizon subpoena, which was approved for issuance on July 16, 2026 – more than two weeks before the close of discovery in this action. **Exhibit F** is a true and correct copy of the parties' meet and confer correspondence regarding Plaintiff's Verizon Subpoena (*Version 2*).

12. During his deposition on October 13, 2026, Plaintiff's correctional practices expert, Richard Winistorfer, conceded that he has seen no evidence of Mr. Fugate's transmission of crime scene images from his cellphone.

13. In response to follow-up meet and confer correspondence, Plaintiff's counsel confirmed in writing on October 19, 2026, that the amended and "revised subpoena," which was approved for issuance over 3 months ago, "was not served" by Plaintiff. (*See*

**Exhibit F**, at p. 1.)

14. On August 13, 2026, Plaintiff made an initial disclosure which included the designation of damages expert, Emin Gharibian, Psy.D., and his Psychological Evaluation Report. **Exhibit G** is a true and correct copy of the Psychological Evaluation Report of Plaintiff's damages expert, Emin Gharibian, Psy.D., dated August 13, 2026.

15. At his expert deposition on October 14, 2026, Dr. Gharibian confirmed the foregoing conclusions in his report that all of Plaintiff's claimed damages in this action are attributable to seeing the crime scene images online.

16. On October 23, 2026, I sent a meet-and-confer letter to Plaintiff's counsel regarding Mr. Fugate's anticipated Motion for Summary Judgment or, Alternatively, Partial Summary Judgment. The letter identified the grounds for the anticipated motion and requested that Plaintiff's counsel their availability for a telephone meet-and-confer conference. A true and correct copy of my October 23, 2026, meet-and-confer letter is attached hereto as **Exhibit H.**

17. On October 29, 2026, counsel for Plaintiff and Mr. Fugate met and conferred telephonically for approximately 25-30 minutes regarding the anticipated motions and the grounds set forth in *Exhibit H*. A true and correct copy of my October 29, 2026, email correspondence with Plaintiff's counsel confirming the meet-and-confer is attached hereto as **Exhibit I.**

I declare under the penalty of perjury that the forgoing is true and correct. Executed on November 6, 2026, in El Segundo, California.

Molshree Gupta

Molshree Gupta

**<u>CERTIFICATE OF SERVICE</u>**

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On November 6, 2026, I served the foregoing document described as ***DECLARATION OF MOLSHREE GUPTA*** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

<u>SEE ATTACHED SERVICE LIST</u>

By Mail I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am “readily familiar” with the firm’s practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX By Email Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

By Personal Service I caused such document to be Personally Served on the parties listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 6, 2026, at El Segundo, California.

Maria Nixon

**SERVICE LIST**
628-6
*Solares v Burnes, et al*

Lynne Stocker Andrada & Associates
E-mail Address: lstocker@andradalaw.com
spadilla@andradalaw.com
*Attorney for Defendant Beam*

Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
5760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230
*Attorneys for Plaintiff DORA SOLARES*