# EXHIBIT B

PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
CHAENA B. DADE, SBN 310365
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com
cdade@kmslegal.com

Attorneys for Defendant, **JACOB FUGATE**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA SOLARES,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH BURNES, in his individual, and DOES 1 TO 15, in their individual capacities,<br><br>Defendants. | **Case No.: 1:21-cv-01349-LHR (BAMx)**<br><br>**DEFENDANT, JACOB FUGATE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS – SET ONE**<br><br>Action Filed: September 8, 2021<br>Pretrial Conference: XXX<br>Trial Date: XXX<br><br>Assigned to:<br>Hon. Lee H. Rosenthal, District Judge |

PROPOUNDING PARTY: Plaintiff, DORA SOLARES

RESPONDING PARTY: Defendant, JACOB FUGATE

SET NUMBER: One

TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD HEREIN:

Defendant, JACOB FUGATE, hereby responds to the Request for Admissions propounded by plaintiff, DORA SOLARES, as follows:

///

These responses and objections are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of, or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

While these responses are based upon diligent exploration and investigation by defendant and defendant’s counsel, they reflect the current state of defendant's knowledge regarding the matters about which inquiry is made. Defendant has only begun the process of conducting discovery, formal and informal in this action, and has not concluded such discovery. Accordingly, defendant has not been able to ascertain all relevant facts herein, and these answers are not intended to be final and conclusive. The information contained herein remains preliminary and in making these responses defendant reserves the right to amend, supplement, delete from, alter, modify, or otherwise change any answer herein as further discovery may make appropriate, and when defendant has ascertained all relevant facts.

Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the trial of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, responding party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

Responding party relies upon well-established authority to the effect that responding party will not voluntarily provide further responses to this request if additional information is acquired by responding party after these responses are served.

(See ***Smith v Superior Court***, 189 Cal.App.2d 6, 11 [1961]).

These introductory comments shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages.

## I.

## GENERAL OBJECTIONS

Defendant objects to the form of plaintiff's request for admissions on the following grounds:

(a) Defendant objects to the disclosure of any information privileged by the attorney-client privilege, the joint defense counsel privilege, the work product doctrine or any other privilege;

(b) Defendant objects to the disclosure of any information which is not relevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence; and

(c) Defendant objects to the disclosure of any information which is readily available to plaintiff on the grounds that such disclosure would result in undue burden, annoyance and oppression.

## II.

## RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST NO. 1:**

Admit that on March 8, 2019, you were part of the investigation of a crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) pertaining to an in-cell homicide.

**RESPONSE TO REQUEST NO. 1:**

Objection: This request is vague, ambiguous, and overbroad as to "part of the investigation of a crime scene". The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product

doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. “Government personnel files are considered official information.” *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits that, *on or about March 9, 2019*, he was assigned as an ISU officer designated to take evidence photographs. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 2:**

Admit that on March 8, 2019, you took photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46).

**RESPONSE TO REQUEST NO. 2:**

Objection: This request is vague, ambiguous, and overbroad. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. “Government personnel files are considered official information.” *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits that, *on or about March 9, 2019*, he was assigned as an ISU officer designated to take evidence photographs. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

///

**<u>REQUEST NO. 3:</u>**

Admit that on March 8, 2019, you took at least 205 photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) pertaining to an in-cell homicide.

**<u>RESPONSE TO REQUEST NO. 3:</u>**

Objection: This request is vague, ambiguous, and overbroad. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits that, *on or about March 9, 2019*, he "took at least 205 photographs of the crime scene." Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**<u>REQUEST NO. 4:</u>**

Admit that the photographs that you took of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) were downloaded onto a compact disk, labeled evidence item JF01, and processed into the Main Evidence Room at CSP-Corcoran.

**<u>RESPONSE TO REQUEST NO. 4:</u>**

Objection: This request is vague, ambiguous, and overbroad. Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information

protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Admit. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 5:**

Admit that on March 16, 2024, you had at least three photographs on your personal cell phone of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46).

**RESPONSE TO REQUEST NO. 5:**

Objection: This request is vague, ambiguous, and overbroad. Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding party admits that, "on March 16, 2024," he had three overview photographs on his personal cellphone of *only one "crime scene" photograph* displayed on his work station. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

///

**REQUEST NO. 6:**

Admit that on March 16, 2024, from your personal cell phone, you showed other CDCR employees photographs on of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46).

**RESPONSE TO REQUEST NO. 6:**

Objection: This request is vague, ambiguous, and overbroad. Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding party admits that, "on March 16, 2024," he "showed other CDCR employees" three overview photographs on his personal cellphone of *only one "crime scene" photograph* displayed on his work station. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 7:**

Admit that on your personal cell phone, you took at least three photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) from March 9, 2019.

**RESPONSE TO REQUEST NO. 7:**

Objection: This request is vague, ambiguous, and overbroad. Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that

it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding party admits that, he took three overview photographs on his personal cellphone of *only one "crime scene" photograph* displayed on his work station. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**<u>REQUEST NO. 8:</u>**

Admit that you shared photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) from March 9, 2019.

**<u>RESPONSE TO REQUEST NO. 8:</u>**

Objection: This request is vague, ambiguous, and overbroad as to "shared photographs" and "the crime scene". Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Deny. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 9:**

Admit that you texted photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) from March 9, 2019.

**RESPONSE TO REQUEST NO. 9:**

Objection: This request is vague, ambiguous, and overbroad as to "texted photographs" and "the crime scene". Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Deny. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 10:**

Admit that you showed your girlfriend and/or wife (the woman you refer to as your "lady") photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing Unit 1R, Cell 46 (4A1R-46) from March 9, 2019.

**RESPONSE TO REQUEST NO. 10:**

Objection: This request is vague, ambiguous, overbroad, and compound. Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of*

*Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Deny. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 11:**

Admit that at some time between 2019 and 2024 that you possessed photographs of Luis Romero's remains on your personal cell phone.

**RESPONSE TO REQUEST NO. 11:**

Objection: This request is vague, ambiguous, and overbroad as to "Luis Romero's remains". Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Admit. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 12:**

Admit that between 2019 and 2024 that you showed at least one other person a photograph of Luis Romero's remains.

**RESPONSE TO REQUEST NO. 12:**

Objection: This request is vague, ambiguous, and overbroad as to "other person" and "Luis Romero's remains". Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from

disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Admit. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 13:**

Admit that between 2019 and 2024 that you showed at least one other person a photograph of Luis Romero's remains that you kept on your personal cell phone.

**RESPONSE TO REQUEST NO. 13:**

Objection: This request is vague, ambiguous, and overbroad as to "other person" and "Luis Romero's remains". Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Admit. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

**REQUEST NO. 14:**

Admit that in 2024 that you showed Correctional Officer Tyran Marshall photographs of the crime scene at CSP-Corcoran (CSP-COR) Facility 4A, Housing

Unit 1R, Cell 46 (4A1R-46) from March 9, 2019.

**RESPONSE TO REQUEST NO. 14:**

Objection: This request is vague, ambiguous, and overbroad as to "other person" and "Luis Romero's remains". Calls for speculation, lacks foundation, assumes facts. The request is further objectionable in that it call for information protected from disclosure by the attorney client privilege and work product doctrine. The request is further objectionable in that it requests information protected by the right to privacy of third parties guaranteed by the California Constitution and the United States Constitution, First and Fourteenth Amendments. "Government personnel files are considered official information." *Sanchez v. City of Santa Ana* (9th Cir.1990) 936 F.2d 1027, 1033; *Miller v. Pancucci*, (C.D. Cal. 1992) 141 F.R.D. 292, 299.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Admit. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.

Dated: March 2, 2026

KJAR, MCKENNA & STOCKALPER, LLP

By: Molshreegupta

PATRICK E. STOCKALPER
MOLSHREE GUPTA
CHAENA B. DADE
Attorneys for Defendant, **JACOB FUGATE**

# VERIFICATION

I have read the foregoing ***DEFENDANT, JACOB FUGATE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS – SET ONE*** and know of its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on 2/27/26, 2026, at Corcoran, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

eSigned by: Jacob Fugate
02/27/2026 @ 13:18 EST

JACOB FUGATE
Type or Print Name

Signature

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On March 2, 2026, I served the foregoing document described as **DEFENDANT, JACOB FUGATE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS – SET ONE** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

By Mail I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX By Email Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

By Personal Service I caused such document to be Personally Served on the parties listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 2, 2026, at El Segundo, California.

[signature]

Maria Nixon

**SERVICE LIST**

628-6

*Solares v Burnes, et al*

Jeremy Duggan and David Kuchinksy, Deputies Attorney General
State of California, Department of Justice
Email address: Jeremy.Duggan@doj.ca.gov; David.Kuchinsky@doj.ca.gov
*Attorney for Defendant Burnes*

Lynne Stocker Andrada & Associates
E-mail Address: lstocker@andradalaw.com
spadilla@andradalaw.com
*Attorney for Defendant Beam*

Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
5760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230
*Attorneys for Plaintiff DORA SOLARES*