# EXHIBIT C

**Pre-Motion Conference Request** Re: Officer Fugate's refusal to provide his cell phone number (in response to RFP #1) and documents pertaining to the administrative discipline (RFP #11) and Notice of Adverse Action (RFP #13) against him.

Plaintiff's position: Defendant Officer Fugate has objected to the request for the phone number to his cell phone that he possessed in March 2024 on the grounds (RFP #1) that the request is vague, ambiguous, overbroad, not relevant, and is protected by personal privacy and considered official information. None of these are valid objections. As Defendant Fugate showed other correctional officers crime-scene images of Luis Romero's remains from his personal cell phone in March 2024, the number to this phone is relevant to determine whether Fugate shared the images from his personal cell phone. This request is clear and specific, and is not vague or ambiguous or overbroad. Moreover, Fugate's personal cell phone is not covered by any "official information privilege," and his objection is not accompanied by a declaration or affidavit containing a statement that any agency reviewed this information, nor articulated how disclosure would create a substantia risk to governmental or privacy interests. *See Kelly v. San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987). Plaintiff's counsel explained to Fugate's counsel that the cell phone number can be shared with a private investigator to track down and/or subpoena phone records, showing potential sharing of images from the cell phone number.

As for Plaintiff's request for documents pertaining to the administrative discipline (RFP #11) and Notice of Adverse Action (RFP #13) against Officer Fugate, he has responded with identical objections that the requests are vague, ambiguous, overbroad, compound, and protected by personal privacy and considered official information. The requests go specifically to Defendant Fugate's conduct at issue in this case: showing crime-scene images of Luis Romero's remains from his personal cell phone. Fugate's objections have not been accompanied by a declaration or affidavit containing a statement that any agency reviewed this information, nor articulated how disclosure would create a substantia risk to governmental or privacy interests. Defendant Fugate may claim he does not have access to these documents, but his own attestation contradicts this: Fugate signed a "Notice of Adverse Action," which stated, "I have received a copy of this list accompanied by the materials and documents listed above." (*See* CDCR SDT 905).

Defendant Fugate's position:

***As to Interrogatory No. 1,*** seeking Defendant Fugate's personal cellphone number in March 2024 –

On March 2, 2026, Defendant Fugate served timely, verified denials to Plaintiff's RFA Nos. 8 and 9, which respectively sought admissions that Defendant Fugate "shared" or "texted" the subject photograph(s). Furthermore, the documents and video evidence produced by the CDCR in this action contain neither any allegation(s) nor any evidence that Defendant Fugate may have "shared" or "texted" the subject photograph(s). Nevertheless, on March 24, 2026, Plaintiff served the subject interrogatory, seeking Defendant Fugate's personal cellphone number in March of 2024. Defendant Fugate properly objected to the request as overbroad, ambiguous, and beyond the scope permissible under FRCP Rule 26 (i.e. it does not seek evidence or information which is relevant to this action). Additionally, Defendant Fugate properly objected that the Interrogatory improperly seeks to invade his privacy rights.

At the May 22, 2026, conference of counsel regarding, in part, this discovery request, counsel for Defendant Fugate pointed out the foregoing to Plaintiff's counsel. In response, Plaintiff's counsel argued that Plaintiff is entitled to subpoena Defendant Fugate's cell phone records to test the "veracity" of Defendant Fugate's verified discovery responses that he did not share or text any incident-related photograph(s). Defendant Fugate's counsel countered as follows:

1) Testing the veracity of verified discovery responses is not a basis for compelling the production of private records and information. If it was a basis for compelling private information, then, *hypothetically*, defendants in a personal injury action would be able to compel the production of a plaintiff's entire medical history to "test the veracity" of a plaintiff's claims that they had no prior related injuries. This is not the standard. To obtain such private information, Plaintiff must establish good cause to compel it.
2) Defendant Fugate's counsel requested that Plaintiff's counsel explain how he would go about investigating the "veracity" by discovering Defendant Fugate's cellphone number. To the extent that Plaintiff envisions using an investigator, Plaintiff's counsel failed to explain what

the investigator would do with the phone number. To the extent that Plaintiff intends to issue subpoenas for Defendant Fugate's personal information, his counsel requested that the parties meet and confer regarding the scope of Plaintiff's anticipated subpoena. To this, Plaintiff's counsel had no real response and put an end of discussion, stating that this matter would simply need to be decided by the Court. Realistically, knowing Defendant Fugate's cellphone number will not assist Plaintiff's investigation because Plaintiff cannot possibly prepare a subpoena which would be narrowly tailored enough to pass judicial scrutiny.

3) Finally, despite Plaintiff's counsel's refusal to engage in reasonable meet and confer, Defendant Fugate's counsel pleaded with him to engage in a discussion regarding any prospective less intrusive means to obtain this information. For example, to the extent that Plaintiff has a suspected recipient of the suspected transmission of the subject photograph(s), Plaintiff could simply serve a RFP to Defendant Fugate seeking all communications with the suspected recipient(s). Certainly, that would be a less intrusive means to obtain the same information without invading Defendant Fugate's privacy. Plaintiff's counsel declined to consider this offered compromise or to consider any other less intrusive means.

***As to RRF Nos. 11 and 13,*** Defendant Fugate agreed on May 22, 2026, to serve further responses to these. These further responses will be served prior to the June 8, 2026, Pre-Motion Conference with the Court.