# EXHIBIT H

KMS KJAR McKENNA STOCKALPER

October 23, 2026

Via E-Mail: Erin@ErinDarlingLaw.com

Erin Darling, Esq.
Law Offices of Erin Darling
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010

Re: ***Dora Solares v. Burns, et al***

| | | |
|---|---|---|
| Our File Number | : | 628-6 |
| USDC Case No. | : | 1:21-cv-01349-LHR (FJSx) |

Dear Counsel:

We write to meet and confer regarding Defendant Jacob Fugate's anticipated Motion for Summary Judgment or, Alternatively, Partial Summary Judgment ("MSJ"), pursuant to Federal Rule of Civil Procedure 56.

***Plaintiff's Claims and Allegations***

The operative Third Amended Complaint ("TAC") alleges that Jacob Fugate, a Correctional Officer at the time of the alleged incident, is liable for "taking and/or sharing photos of Luis Romero's remains without any legitimate governmental purpose." (Complaint, ¶¶ 5, 17, 25, 31, 37-39.) Based on the foregoing allegations, Plaintiff asserts three claims against Fugate: (1) violation of substantive due process pursuant to 42 U.S.C. § 1983; (2) negligence; and (3) invasion of privacy.

***Substantive Due Process (42 U.S.C. § 1983)***

Plaintiff alleges that she was "deprived [] of her substantive due process right to control the physical remains, memory, and death images of her deceased child," and cites the decision in *Marsh v. Cnty. of San Diego* (9th Cir. 2012) 680 F.3d 1148. (Complaint, ¶ 25.)

No Evidence of Public Dissemination

However, *Marsh, supra*, frames the substantive right by reference to publication from the opening; specifically, the court considered "whether individuals have a federal privacy right to control public dissemination of a family member's death images." (See *id.* at 1152.) In the present case, there is no evidence of "public dissemination" of Mr. Romero's crime scene photos by Defendant Fugate.

Courts applying Marsh confirm that, without publication, there is no violation. For example, in *Lamorie v. Davis* (D. Ariz. 2020) 485 F. Supp. 3d 1065), a district court dismissed a *Marsh*-based death-image claim precisely for lack of publication. In *Brown v. Metro by T-Mobile* (C.D. Cal. 2024) 768 F. Supp. 3d 1068**,** a district court read the *Marsh* decision as holding that the unauthorized public disclosure of a child's autopsy photographs is a violation of the mother's substantive due process rights, and refused to extend it to a mere "failure to sufficiently control" the images, which would significantly expand substantive due process law to unprecedented reaches. (*Id.* at 1097-98.)

No Evidence of Shocking or Offensive Conduct

To violate substantive due process, the alleged conduct must "shock[ ] the conscience" and "offend the community's sense of fair play and decency." (*Marsh*, *supra*, 680 F.3d at 1154.) In Marsh, the Court decided that "public display of death images" "shocks the conscience," and located the violation in the fact that the defendant "sent [the] son's autopsy photograph to the press," raising the mother's fear she would "stumble upon photographs of her dead son on news websites, blogs or social media websites." (*Id.* at 1155.) The Marsh court repeatedly reiterated that the clearly shocking and offensive conduct act was "submission of the autopsy photograph to the press." (See *id.* at 1157.)

Because this right sits within the substantive due process family-integrity doctrine, it carries that doctrine's demanding threshold. In *Rosenbaum v. Washoe Cnty.* (9th Cir. 2011) 663 F.3d 1071**,** the Ninth Circuit held that officers' "inappropriate and even offensive" words to a plaintiff's young children during an arrest "d[id] not come close to rising to the level of conduct that 'shocks the conscience." (*Id.* at 1179-80.) The Ninth Circuit's decision in *Rosenbaum* demonstrates that conduct which is distasteful but falls short of unwarranted public exploitation does not make out a substantive due process claim.

No Evidence of Causation

Plaintiff alleges damages arising from "the horrific experience of witnessing the photographs and in knowing that these photographs of her mutilated son had been seen by the general public," and attributes this harm to "Defendants' conduct, in [] sharing photographs of Mr. Romero's mutilated body." (Complaint, ¶¶ 18, 27.) In the absence of any evidence that Defendant Fugate transmitted, shared, or otherwise caused the crime scene photographs to be distributed or publicly disseminated, Plaintiff cannot establish that she was harmed by either witnessing the photographs or her knowledge of their public dissemination.

Qualified Immunity

Qualified immunity balances "two important, competing interests: the need to hold public officials accountable for irresponsible actions, and the need to shield them from liability when they make reasonable mistakes." *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017). Qualified immunity protects officials "who act in ways they reasonably believe to be lawful." *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (quoting *Anderson v. Creighton*, 483 U.S.

KMS KJAR McKENNA STOCKALPER

635, 641 (1987). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (per curiam) (*quoting Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986)).

The qualified immunity analysis consists of two prongs: whether the defendant's conduct "(1) violated a constitutional right that (2) was clearly established at the time of the violation." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023); *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020) (explaining that the qualified immunity analysis consists of a two-prong analysis: (1) "whether the facts taken in the light most favorable to the plaintiff show that the officer's conduct violated a constitutional right"; and (2) if so, "whether the right in question was clearly established at the time of the officer's actions, such that any reasonably well-trained officer would have known that his conduct was unlawful").

As established above, Defendant Fugate's conduct does not constitute public dissemination of crime scene photos. As such, he could not have known that his conduct in retaining crime scene images constituted a substantive due process violation of Plaintiff's right, and is therefore entitled to qualified immunity.

***Negligence***

Under California law, negligence requires duty, breach, causation, and damages. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205.) Plaintiff alleges that Defendant Fugate breached his duty of care by "sharing highly sensitive photographs of" "Mr. Romero's physical remains." (Complaint, ¶ 31.) For the reasons discussed above, Plaintiff cannot establish that Defendant either publicly disseminated, or caused to be published, any images of Mr. Romero's physical remains. As such, Plaintiff lacks evidence to support either negligence or causation.

***Invasion of Privacy***

To establish a violation of the California constitutional right to privacy, a plaintiff generally must show (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of that privacy interest. (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 35–40.)

As with the first cause of action, this theory applied requires "public disclosure" of the private fact. Private sharing with just a few people is not actionable. (See *Catsouras v. Dep't of California Highway Patrol* (Cal. Ct. App. 2010) 181 Cal. App. 4th 856.) For the foregoing reason, and the reasons discussed above – Plaintiff cannot maintain this cause of action.

***Conclusion***

To the extent the Court determines that any claims present triable issues, Defendant alternatively intends to seek partial summary judgment pursuant to *Federal Rule of Civil Procedure* 56(a), including on claims against individual Defendants for whom the necessary

KMS KJAR McKENNA STOCKALPER

elements of personal or supervisory liability cannot be established. In an effort to narrow the issues and avoid unnecessary motion practice, please advise whether Plaintiffs are willing to dismiss or withdraw any of the foregoing causes of action or stipulate to the resolution of any discrete claims or issues.

Given the November 6, 2026 deadline for filing Defendant's MSJ, please provide your substantive response to the foregoing issues and your availability for a conference of counsel **no later than Tuesday, October 27, 2026**. We request that the parties complete their meet-and-confer discussions **by Friday, October 30, 2026**, to allow sufficient time to prepare and file the motion if the issues cannot be resolved.

Very truly yours,

KJAR MCKENNA & STOCKALPER

Molshreegupta

PATRICK E. STOCKALPER
MOLSHREE GUPTA

MG/mln